Matthew T. Taplett
State Bar No. 24028026
Pope, Hardwicke, Christie, Schell,
  Kelly & Taplett, L.L.P.
500 W. 7th Street, Suite 600
Fort Worth, Texas  76102
Telephone No.:  (817) 332-3245
Facsimile No.:  (817) 877-4781
E-mail:   mtaplett@popehardwicke.com
Attorneys for SUSSER BANK

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 23-32875 |
| PSW URBAN HOMES, LP, | § | |
| | § | CHAPTER 11 |
| DEBTOR. | § | |

**EMERGENCY MOTION FOR RELIEF FROM AUTOMATIC
STAY AGAINST REAL ESTATE**

*EXPEDITED HEARING REQUESTED*

**NOTICE**

**PURSUANT TO LOCAL BANKRUPTCY RULE 4001-1(b), A RESPONSE IS REQUIRED TO THIS MOTION, OR THE ALLEGATIONS IN THE MOTION MAY BE DEEMED ADMITTED, AND AN ORDER GRANTING THE RELIEF SOUGHT MAY BE ENTERED BY DEFAULT.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT EARLE CABELL FEDERAL BUILDING, 1100 COMMERCE ST., RM. 1254, DALLAS, TX 75242-1496 ON DECEMBER 20, 2023, WHICH IS AT LEAST 14 DAYS FROM THE DATE OF SERVICE HERE OF.  A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY AND ANY TRUSTEE OR EXAMINER APPOINTED IN THE CASE.  ANY RESPONSE SHALL INCLUDE A DETAILED AND COMPREHENSIVE STATEMENT AS TO HOW THE MOVANT CAN BE "ADEQUATELY PROTECTED" IF THE STAY IS TO BE CONTINUED.**

TO THE HONORABLE STACEY G. C. JERNIGAN, U.S. BANKRUPTCY JUDGE:

COMES NOW Susser Bank, a Texas state bank (herein "Movant"), a secured creditor and party-in-interest herein aggrieved by the bad faith pre-petition actions of the Debtor and the filing of this bankruptcy case on the eve of its scheduled foreclosure sales, and files this Emergency Motion for Relief from Automatic Stay Against Real Estate, and in support thereof would respectfully show the Court as follows:

### I.
### JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157, which characterize this matter as a "core proceeding" in a case arising under Title 11.

### II.
### BRIEF STATEMENT OF RELIEF SOUGHT

2. This is a case of new debtor syndrome. PSW Urban Homes, LP, Debtor herein ("Debtor"), commenced this last-minute bankruptcy filing on the eve of foreclosure sales by Movant. As explained more fully below, the foreclosure sales were the culmination of a "cat and mouse game" by Debtor and its affiliate involving (i) the failure to pay loans that matured in May of 2023, (ii) the subsequent postings for foreclosure, (ii) a premeditated eve of foreclosure *ex parte* Receivership Order wrongfully disguised as consensual, (iv) a Rule 11 Agreement by the state court Receiver that was approved and adopted by the state court pursuant to which the Receiver agreed to allow Movant to foreclose on its collateral and the Receiver stipulated and agreed not to sell any portion of Movant's collateral without state court approval or the consent of Movant, (v) a breach of the Rule 11 Agreement by the Receiver; and (vi) the prepetition transfer of Movant's collateral by the Receiver to this Debtor on the eve of foreclosure to wrongfully impose the automatic stay and prevent the foreclosure sales. Due to these various acts and omissions, Movant

---
EMERGENCY MOTION                                                                                                                    PAGE 2

would show that this bankruptcy case was filed in bad faith and adequate grounds exist to immediately lift the automatic stay under 11 U.S.C §362(d)(1) to authorize Movant to exercise all available rights and remedies with regard to the Susser Collateral, as defined below, including the right to immediately repost the Susser Collateral for nonjudicial foreclosure sales and conduct such sales notwithstanding any conversion or dismissal of this case, any subsequent bankruptcy cases filed by Debtor, its affiliate or any other person, or any subsequent transfer of the Susser Collateral to prevent foreclosure.

**III.**

BACKGROUND FACTS

3. On or about March 22, 2021, Debtor, its affiliate PSW Real Estate, LLC ("PSWRE"), and Movant, among others, executed a Master Loan Agreement (the "MLA"). A true and correct copy of the MLA is attached as Exhibit "A" to the Affidavit of Randy Fitzpatrick, which is attached hereto as Exhibit "1" (the "Fitzpatrick Affidavit") and is incorporated herein by reference as if fully set forth at length. The MLA established certain procedures and conditions under which Debtor was allowed to request loans from Movant to be evidenced by one or more promissory notes (the "Note" or "Notes") not to exceed $7,000,000.00 in the aggregate to be executed by Debtor and payable to Movant. The MLA provides that the Notes will be secured by, among other things, numerous Master Deeds of Trust pursuant to Texas Property Code §12.009 recorded in various counties in the State of Texas (the "Master Deeds of Trust"), and numerous Short Form Deeds of Trust executed for the benefit of Movant covering various properties within the State of Texas (the "Short Form Deeds of Trust" and together with the Master Deeds of Trust, collectively, the "Deeds of Trust").

4. The purpose of the loans under the MLA were to purchase subdivided and platted lots or other tracts of land approved by Movant, the fee simple title to which was to be owned by Debtor or its affiliate. The MLA contemplated that Debtor would construct 1-4 family residences on the

subject properties. The loan documents set forth the terms and conditions for the loans, including, for example, the loan approval process, the loan commitment amount for pre-sold versus spec houses, interest rates, payment terms, procedures for advances and inspections, commencement of construction, financial reporting, assignment of purchase contracts, plans and specifications, deed of trust liens, and borrower indemnities, among others.

5. In accordance with the MLA, the Notes, the Deeds of Trust, and other documents executed by and among the parties, Debtor obtained loans from Movant as evidenced by the following:

- Promissory Note dated May 21, 2021, executed by PSW Real Estate, LLC and PSW Urban Homes, LP, as Borrower, payable to the order of Susser Bank, as Lender, in the original principal amount of $528,000.00; and that certain Short Form Deed of Trust, Security Instrument and Financing Statement dated May 21, 2021, executed by PSW Real Estate, LLC and PSW Urban Homes, LP, as Grantor, in favor of Jeffrey R. Schmid, as Trustee for the benefit of Susser Bank, recorded as Instrument No. 2021119053, Real Property Records, Travis County, Texas, covering the Mortgaged Property more fully described therein as security for the payment of the Loans; and that certain Modification, Renewal, and Extension of Note and Lien effective November 21, 2022, executed by PSW Real Estate, LLC and PSW Urban Homes, LP, as Debtor, and Susser Bank, as Bank, recorded as Instrument No. 2022194866, Real Property Records, Travis County, Texas; and

- Promissory Note dated May 21, 2021, executed by PSW Real Estate, LLC and PSW Urban Homes, LP, as Borrower, payable to the order of Susser Bank, as Lender, in the original principal amount of $476,651.00; and that certain Short Form Deed of Trust, Security Instrument and Financing Statement dated May 21, 2021, executed by PSW Real Estate, LLC, as Grantor, in favor of Jeffrey R. Schmid, as Trustee for the benefit of Susser Bank, recorded as Instrument No. 2021119065, Real Property Records, Travis County, Texas, covering the Mortgaged Property more fully described therein as security for the payment of the Loans; and that certain Modification, Renewal, and Extension of Note and Lien effective November 21, 2022, executed by PSW Real Estate, LLC and PSW Urban Homes, LP, as Debtor, and Susser Bank, as Bank, recorded as Instrument No. 2022194869, Real Property Records, Travis County, Texas; and

- Promissory Note dated May 21, 2021, executed by PSW Real Estate, LLC and PSW Urban Homes, LP, as Borrower, payable to the order of Susser Bank, as Lender, in the original principal amount of $493,725.00; and that certain Short Form Deed of Trust, Security Instrument and Financing Statement dated May

21, 2021, executed by PSW Real Estate, LLC, as Grantor, in favor of Jeffrey R. Schmid, as Trustee for the benefit of Susser Bank, recorded as Instrument No. 2021119066, Real Property Records, Travis County, Texas, covering the Mortgaged Property more fully described therein as security for the payment of the Loans; and that certain Modification, Renewal, and Extension of Note and Lien effective November 21, 2022, executed by PSW Real Estate, LLC and PSW Urban Homes, LP, as Debtor, and Susser Bank, as Bank, recorded as Instrument No. 2022194871, Real Property Records, Travis County, Texas; and

- Promissory Note dated May 21, 2021, executed by PSW Real Estate, LLC and PSW Urban Homes, LP, as Borrower, payable to the order of Susser Bank, as Lender, in the original principal amount of $476,651.00; and that certain Short Form Deed of Trust, Security Instrument and Financing Statement dated May 21, 2021, executed by PSW Real Estate, LLC, as Grantor, in favor of Jeffrey R. Schmid, as Trustee for the benefit of Susser Bank, recorded as Instrument No. 2021119067, Real Property Records, Travis County, Texas, covering the Mortgaged Property more fully described therein as security for the payment of the Loans; and that certain Modification, Renewal, and Extension of Note and Lien effective November 21, 2022, executed by PSW Real Estate, LLC and PSW Urban Homes, LP, as Debtor, and Susser Bank, as Bank, recorded as Instrument No. 2022194870, Real Property Records, Travis County, Texas; and

- Promissory Note dated May 21, 2021, executed by PSW Real Estate, LLC and PSW Urban Homes, LP, as Borrower, payable to the order of Susser Bank, as Lender, in the original principal amount of $455,603.00; and that certain Short Form Deed of Trust, Security Instrument and Financing Statement dated May 21, 2021, executed by PSW Real Estate, LLC, as Grantor, in favor of Jeffrey R. Schmid, as Trustee for the benefit of Susser Bank, recorded as Instrument No. 2021119068, Real Property Records, Travis County, Texas, covering the Mortgaged Property more fully described therein as security for the payment of the Loans; and that certain Modification, Renewal, and Extension of Note and Lien effective November 21, 2022, executed by PSW Real Estate, LLC and PSW Urban Homes, LP, as Debtor, and Susser Bank, as Bank, recorded as Instrument No. 2022194852, Real Property Records, Travis County, Texas; and

- Promissory Note dated May 21, 2021, executed by PSW Real Estate, LLC and PSW Urban Homes, LP, as Borrower, payable to the order of Susser Bank, as Lender, in the original principal amount of $476,651.00; and that certain Short Form Deed of Trust, Security Instrument and Financing Statement dated May 21, 2021, executed by PSW Real Estate, LLC, as Grantor, in favor of Jeffrey R. Schmid, as Trustee for the benefit of Susser Bank, recorded as Instrument No. 2021119069, Real Property Records, Travis County, Texas, covering the Mortgaged Property more fully described therein as security for the payment of the Loans; and that certain Modification, Renewal, and Extension of Note and Lien effective November 21, 2022, executed by PSW Real Estate, LLC and PSW Urban Homes, LP, as Debtor, and Susser Bank, as Bank, recorded as Instrument No. 2022194853, Real Property Records, Travis County, Texas; and

- Promissory Note dated May 21, 2021, executed by PSW Real Estate, LLC and PSW Urban Homes, LP, as Borrower, payable to the order of Susser Bank, as Lender, in the original principal amount of $476,651.00; and that certain Short Form Deed of Trust, Security Instrument and Financing Statement dated May 21, 2021, executed by PSW Real Estate, LLC, as Grantor, in favor of Jeffrey R. Schmid, as Trustee for the benefit of Susser Bank, recorded as Instrument No. 2021119070, Real Property Records, Travis County, Texas, covering the Mortgaged property more fully described therein as security for the payment of the Loans; and that certain Modification, Renewal, and Extension of Note and Lien effective November 21, 2022, executed by PSW Real Estate, LLC and PSW Urban Homes, LP, as Debtor, and Susser Bank, as Bank, recorded as Instrument No. 2022194709, Real Property Records, Travis County, Texas; and

- Promissory Note dated May 21, 2021, executed by PSW Real Estate, LLC and PSW Urban Homes, LP, as Borrower, payable to the order of Susser Bank, as Lender, in the original principal amount of $543,723.00; and that certain Short Form Deed of Trust, Security Instrument and Financing Statement dated May 21, 2021, executed by PSW Real Estate, LLC, as Grantor, in favor of Jeffrey R. Schmid, as Trustee for the benefit of Susser Bank, recorded as Instrument No. 2021119071, Real Property Records, Travis County, Texas, covering the Mortgaged Property more fully described therein as security for the payment of the Loans; and that certain Modification, Renewal, and Extension of Note and Lien effective November 21, 2022, executed by PSW Real Estate, LLC and PSW Urban Homes, LP, as Debtor, and Susser Bank, as Bank, recorded as Instrument No. 2022194697, Real Property Records, Travis County, Texas; and

- Promissory Note dated May 21, 2021, executed by PSW Real Estate, LLC and PSW Urban Homes, LP, as Borrower, payable to the order of Susser Bank, as Lender, in the original principal amount of $543,723.00; and that certain Short Form Deed of Trust, Security Instrument and Financing Statement dated May 21, 2021, executed by PSW Real Estate, LLC, as Grantor, in favor of Jeffrey R. Schmid, as Trustee for the benefit of Susser Bank, recorded as Instrument No. 2021119072, Real Property Records, Travis County, Texas, covering the Mortgaged Property more fully described therein as security for the payment of the Loans; and that certain Modification, Renewal, and Extension of Note and Lien effective November 21, 2022, executed by PSW Real Estate, LLC and PSW Urban Homes, LP, as Debtor, and Susser Bank, as Bank, recorded as Instrument No. 2022194665, Real Property Records, Travis County, Texas; and

- Promissory Note dated May 21, 2021, executed by PSW Real Estate, LLC and PSW Urban Homes, LP, as Borrower, payable to the order of Susser Bank, as Lender, in the original principal amount of $422,309.00; and that certain Short Form Deed of Trust, Security Instrument and Financing Statement dated May 21, 2021, executed by PSW Real Estate, LLC, as Grantor, in favor of Jeffrey R. Schmid, as Trustee for the benefit of Susser Bank, recorded as Instrument No. 2021119073, Real Property Records, Travis County, Texas, covering the

    Mortgaged Property more fully described therein as security for the payment of the Loans; and that certain Modification, Renewal, and Extension of Note and Lien effective November 21, 2022, executed by PSW Real Estate, LLC and PSW Urban Homes, LP, as Debtor, and Susser Bank, as Bank, recorded as Instrument No. 2022194659, Real Property Records, Travis County, Texas; and

- Promissory Note dated May 21, 2021, executed by PSW Real Estate, LLC and PSW Urban Homes, LP, as Borrower, payable to the order of Susser Bank, as Lender, in the original principal amount of $371,115.00; and that certain Short Form Deed of Trust, Security Instrument and Financing Statement dated May 21, 2021, executed by PSW Real Estate, LLC, as Grantor, in favor of Jeffrey R. Schmid, as Trustee for the benefit of Susser Bank, recorded as Instrument No. 2021119082, Real Property Records, Travis County, Texas, covering the Mortgaged Property more fully described therein as security for the payment of Loans; and that certain Modification, Renewal, and Extension of Note and Lien effective November 21, 2022, executed by PSW Real Estate, LLC and PSW Urban Homes, LP, as Debtor, and Susser Bank, as Bank, recorded as Instrument No. 2022194650, Real Property Records, Travis County, Texas (each of the loans described above are referred to herein collectively as the "<u>Loans</u>" and all the foregoing documents and instruments and all the other documents and instruments evidencing, securing or executed in connection with the Loans, including, without limitation, the MLA, the Notes, and the Deeds of Trust, may be referred to collectively herein as the "<u>Loan Documents</u>").  A true and correct copy of the Loans are attached to the Fitzpatrick Affidavit as Exhibit "B 1-11" and are incorporated herein by reference as if fully set forth at length.

6.     By virtue of the Loan Documents and the recording of the various deeds of trust described therein, Movant holds perfected liens and security interests, including cross-collateralized deed of trust liens on condominium unit assets of (now) Debtor, described as:

- TRACT 1:  Unit(s) 19, Bouldin Court Condominiums, a condominium project in Travis County, Texas, according to the Declaration of Condominium and amendments thereto, recorded under Document No. 2018120594 of the Official Public Records of Travis County, Texas, together with an undivided interest in and to the common elements appurtenant thereto.

    TRACT 2:  Easement Estate created by that certain Memorandum of Parking Agreement dated August 7, 2017, recorded under Document No. 2017185284 of the Official Public Records of Travis County, Texas.  Said parking easement and location as described in the Declaration of Condominium Regime for 900 S. 1st Street Master Condominiums filed under Document No. 2017194386 of the Official Public Records of Travis County, Texas.

- Unit(s) 1, MENCHACA CONDOMINIUMS, a condominium project in Travis County, Texas, according to the Declaration of Condominium and amendments thereto, recorded under Document No. 2020240320 of the Official Public Records of Travis County, Texas, together with an undivided interest in and to the common elements appurtenant thereto.

- Unit(s) 2, MENCHACA CONDOMINIUMS, a condominium project in Travis County, Texas, according to the Declaration of Condominium and amendments thereto, recorded under Document No. 2020240320 of the Official Public Records of Travis County, Texas, together with an undivided interest in and to the common elements appurtenant thereto.

- Unit(s) 3, MENCHACA CONDOMINIUMS, a condominium project in Travis County, Texas, according to the Declaration of Condominium and amendments thereto, recorded under Document No. 2020240320 of the Official Public Records of Travis County, Texas, together with an undivided interest in and to the common elements appurtenant thereto.

- Unit(s) 4, MENCHACA CONDOMINIUMS, a condominium project in Travis County, Texas, according to the Declaration of Condominium and amendments thereto, recorded under Document No. 2020240320 of the Official Public Records of Travis County, Texas, together with an undivided interest in and to the common elements appurtenant thereto.

- Unit(s) 5, MENCHACA CONDOMINIUMS, a condominium project in Travis County, Texas, according to the Declaration of Condominium and amendments thereto, recorded under Document No. 2020240320 of the Official Public Records of Travis County, Texas, together with an undivided interest in and to the common elements appurtenant thereto.

- Unit(s) 6, MENCHACA CONDOMINIUMS, a condominium project in Travis County, Texas, according to the Declaration of Condominium and amendments thereto, recorded under Document No. 2020240320 of the Official Public Records of Travis County, Texas, together with an undivided interest in and to the common elements appurtenant thereto.

- Unit(s) 7, MENCHACA CONDOMINIUMS, a condominium project in Travis County, Texas, according to the Declaration of Condominium and amendments thereto, recorded under Document No. 2020240320 of the Official Public Records of Travis County, Texas, together with an undivided interest in and to the common elements appurtenant thereto.

- Unit(s) 8, MENCHACA CONDOMINIUMS, a condominium project in Travis County, Texas, according to the Declaration of Condominium and amendments

> thereto, recorded under Document No. 2020240320 of the Official Public Records of Travis County, Texas, together with an undivided interest in and to the common elements appurtenant thereto.
> 
> - Lot(s) 11, Block A, PENN PLACE COTTAGES SECTION B, a subdivision in Travis County, Texas, according to the map or plat thereof, recorded under Document No. 201800203 of the Official Public Records of Travis County, Texas
> 
> - Lot(s) 12, Block A, PENN PLACE COTTAGES SECTION B, a subdivision in Travis County, Texas, according to the map or plat thereof, recorded under Document No. 201800203 of the Official Public Records of Travis County, Texas (collectively, the "Susser Collateral").

7. All the Loans matured on May 21, 2023. The properties pledged under the Deeds of Trust presently consist of eleven (11) partially finished condominium units located in Travis County, Texas, in various states of disrepair, <u>which have sat dormant for over a year</u>. Despite Movant's repeated efforts, both before and after the maturity of the Loans, Debtor and its affiliate and principals failed and refused, and continued to fail and refuse, to retire the existing indebtedness to Movant or otherwise finish completion of the properties, resolve pending purchase contracts held by (innocent) third-party purchasers, resolve mechanic's and materialmen's liens, or pay the ad valorem taxes.

8. On May 23, 2023, Movant sent written notice to Debtor demanding payment in full of the matured Loans. Debtor failed to provide payment or otherwise respond in any manner, and Movant's duly appointed Substitute Trustee posted the Susser Collateral for non-judicial foreclosure sales to begin at 10:00 a.m. on July 5, 2023. On the morning of the scheduled sales, Debtor contacted Movant and promised the Loans would be promptly retired and one of its members provided a contemporaneous payment to Movant in the form of a wire transfer for an amount sufficient to induce Movant to cancel the sales.

9. Debtor once again failed to provide payment of the Loans within the time promised. Movant's duly appointed Substitute Trustee once again posted all the Susser Collateral for non-

judicial foreclosure sales to begin at 10:00 a.m. on August 1, 2023. Prior to this sale date, Movant repeatedly reached out to Debtor for an update on the status of the promised payoff or Debtor's related intentions. However, instead of responding in any manner, Debtor provided notice <u>for the first time via email at 2:27 p.m. on July 31, 2023</u>, that a state court receivership styled, *G.E.T. Marketing, LLC v. PSW Real Estate, LLC, Cause No. D-1-GN-23-003968, in the 459th Judicial District Court of Travis County, Texas* (the "<u>Receivership</u>") had been filed placing Debtor, PSWRE and 50 other alleged affiliates into receivership, and the state court had already entered an *ex parte* Receivership Order (the "<u>Receivership Order</u>"). A true and correct copy of the Receivership Order is attached to the Fitzpatrick Affidavit as Exhibit "C." As a result, Movant cancelled the foreclosure sales scheduled on the morning of August 1, 2023.

10. On August 18, 2023, Movant filed the Motion of Susser Bank to Vacate Order Appointing Receiver or, in the Alternative, to Modify Order Appointing Receiver and Increase Receivership Bonds in the Receivership (the "<u>Motion to Vacate</u>"). The hearing on the Motion to Vacate was scheduled for August 29, 2023. On August 28, 2023, Movant, the Receiver, and others executed, and the Court in the Receivership later adopted and approved, a Rule 11 Agreement (the "<u>Rule 11 Agreement</u>"). A true and correct copy of the Rule 11 Agreement (exclusive of the voluminous exhibits attached thereto) is attached to the Fitzpatrick Affidavit as Exhibit "D."

11. Movant agreed to cancel the hearing on the Motion to Vacate in consideration of the Rule 11 Agreement. The Rule 11 Agreement provides in pertinent part, as follows:

> Susser, GET, PSW and <u>the Receiver further stipulate and agree that the Receiver may not sell any portion of the Susser Collateral or execute any documents or perform any acts in furtherance thereof without first seeking further Court approval with advance written notice to Susser or obtaining the written consent of Susser</u>.
>
> \* \* \* \* \*
>
> <u>Susser, GET, PSW and the Receiver further stipulate and agree that, if the obligations and indebtedness owed to Susser that are secured by the Susser Liens as evidenced by the</u>

<u>Susser Loan Documents are not fully satisfied and paid by November 6, 2023, Susser may proceed with all of its rights and remedies against the Susser Collateral, including, without limitation, the foreclosure of the Susser Liens on the Susser Collateral on or after November 7, 2023, and may immediately send all required notices, notices of sale, demands and take such other action as may be required by the Susser Loan Documents and applicable law prior to that time in order to enforce its rights as a secured creditor on or after November 7, 2023 notwithstanding any provision in the Receivership Order.</u> Specifically, Susser may immediately post the Susser Collateral for non-judicial foreclosures sales, and send all legally required notices in connection therewith, in order to foreclose upon the Susser Collateral on or after November 7, 2023, if the obligations and indebtedness owed to Susser that are secured by the Susser Liens as evidenced by the Susser Loan Documents are not fully satisfied and paid by November 6, 2023.  In the event Susser forecloses on the Susser Collateral as authorized herein, Susser is further authorized to apply the sales proceeds or any credit bid from such sales in accordance with the terms of the Susser Loan Documents and applicable law, including, without limitation, to the indebtedness due and owing under the Susser Loan Documents.  Any sales by Susser under the provisions hereof shall be free and clear of any liens or claims by, through, or under the Receiver.  <u>In addition, the parties hereto agree not to seek to enjoin or otherwise prevent or impair Susser's right to foreclose, including by filing a voluntary petition in bankruptcy.</u> *See* paragraphs 8 and 10 of Rule 11 attached to Fitzpatrick Affidavit as Exhibit "D" (emphasis added).

12. The Receiver failed to provide payment in full of the loans by November 6, 2023. As a result, Movant once again posted the Susser Collateral for nonjudicial foreclosure sales to occur on November 7, 2023. Despite his agreement not to do so, as evidenced in the Rule 11 Agreement, the Receiver threatened to file a bankruptcy proceeding prior to the November 7 sales, and the Susser Collateral was once again posted for sale on December 5, 2023. However, despite the terms of the court-approved and adopted Rule 11 Agreement expressly providing that "<u>the Receiver may not sell any portion of the Susser Collateral or execute any documents or perform any acts in furtherance thereof without first seeking further Court approval with advance written notice to Susser or obtaining the written consent of Susser,</u>" on the afternoon of December 4, 2023, Debtor's affiliate, by and through the Receiver, unilaterally, and without approval of the Court in the Receivership or the consent of Movant, executed and recorded General Warranty Deeds conveying 10 of the 11 units of Susser Collateral to Debtor (collectively, the "<u>Pre-Petition Deeds</u>"). A true and correct copy of the

Pre-Petition Deeds are attached to the Fitzpatrick Affidavit collectively as Exhibit "E." Later that same day, Debtor filed this bankruptcy case.

### IV.

### ARGUMENTS AND AUTHORITIES

13. 11 U.S.C. §362(d)(1) provides that, on request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of such section, such as by terminating, annulling, modifying, or conditioning such stay – (1) for cause, including the lack of adequate protection of an interest in property of such party in interest. *See* 11 U.S.C. §362(d)(1). "The existence of bad faith in commencing a bankruptcy case constitutes cause for granting relief from the automatic stay pursuant to §362(d)." *In re Duvar Apt., Inc.*, 205 B.R. 196, 200 (9th Cir. 1996). The bankruptcy court may grant relief from the stay for cause on the grounds that the debtor filed for bankruptcy in bad faith under the "new debtor syndrome." *Id.* "The term 'new debtor syndrome' identifies a pattern of conduct which exemplifies bad faith cases. *Id., citing Laguna Associates Ltd. Partnership*, 30 F. 3d 734, 738 (6th Cir. 1994). "Indicia of the new debtor syndrome include: (1) transfer of distressed property into a newly created corporation; (2) transfer occurring within a close proximity to the bankruptcy filing; (3) transfer for no consideration; (4) the debtor has no assets other than a recently transferred property; (5) the debtor has no or minimal unsecured debt; (6) the debtor has no employees and no ongoing business; and (7) the debtor has no means, other than the transferred property, to service the debt on the property." *Id., citing In re Yukon Enterprises, Inc.*, 39 B.R. 919, 921(Bankr. C.D. Cal. 1984).

14. "The creditor can establish a prima facie case of bad faith filing by showing the transfer of distressed property to the debtor within close proximity to the bankruptcy filing. Once a prima facie case is established, the burden shifts to the debtor to demonstrate a good faith business reason for the transfer and the filing." *Id.* "<u>If, in addition to the prima facie showing of bad faith, the</u>

creditor proves that its substantive or procedural rights have been adversely affected by the transfer and filing, 'cause' is established pursuant to 11 U.S.C. §362(d)(1) and the court must lift the stay." *Id., citing Yukon*, 39 B.R. at 921-22. "Courts frequently have held that a real estate case amounting to a two-party dispute and commenced to frustrate a foreclosure was filed in bad faith." *In re FRE Real Estate, Inc.*, 450 B.R. 619, 621(N.D. Tex. 2011), citing *Little Creek Dev. Co. v. Commonwealth Mortgage Co. (In re Little Creek Dev. Co.)*, 779 F.2d 1068, 1073 (5th Cir.1986); *NMSBPCSLDHB v. Integrated Telecom Express, Inc. (In re Integrated Telecom Express, Inc.)*, 384 F.3d 108, 129–30 (3d Cir.2004); *Trident Assocs. v. Metropolitan Life Ins. Co. (In re Trident Assocs.)*, 52 F.3d 127, 128, 131–32 (6th Cir.1995); *Laguna Assocs. v. Aetna Cas. & Sur. Co. (In re Laguna Assocs.)*, 30 F.3d 734, 738 (6th Cir.1994); *Humble Place Joint Venture v. Fory (In re Humble Place Joint Venture)*, 936 F.2d 814, 818 (5th Cir.1991); *and Carolin Corp. v. Miller*, 886 F.2d 693, 694 (4th Cir.1989). "A bad faith filing may lead to dismissal of the case or to termination of the automatic stay for cause pursuant to § 362(d)(1) to allow foreclosure to proceed." *Id.*

15. Indicia of bad faith are shown in this case. First, Debtor's affiliate PSWRE executed and recorded the Pre-Petition Deeds at 3:45 p.m. on December 4, 2023, and this bankruptcy case was filed later that day at 6:40 p.m. on the eve of Movant's scheduled foreclosure sales. Second, these pre-petition transfers violated the terms of the court-adopted and approved Rule 11 Agreement executed by the Receiver on behalf of Debtor. Third, on information and belief, the transfers evidenced by the Pre-Petition Deeds were without consideration. Fourth, on information and belief, other than 1 unit of Susser Collateral that was owned by Debtor, the Susser Collateral described in the Pre-Petition Deeds are the only assets of Debtor. Fifth, Debtor was in a pre-petition Receivership and has no employees and ongoing business. Sixth, Debtor has no means, other than the transferred property, to service or pay off the debt to Movant. And finally, the "totality of the circumstances," including Debtor's broken promises, the Receiver's breach of the Rule 11

Agreement and the stipulations set forth therein, the invocation of state court proceedings, and the continual delay and attendant cost and expense evidence a course of conduct showing bad faith. *See, e.g., In re Mendoza*, 111 F.3d 1264 (5th Cir. 1997) (whether "cause" exists must be determined on a case-by-case basis based on an examination of the "totality of the circumstances"); *In re Mack*, 347 B.R. 911, 915-16 (Bankr. M.D. Fla. 2006) (both prepetition and post-petition conduct is relevant under "totality of the circumstances" analysis in deciding whether "cause" exists to lift the automatic stay under 11 U.S.C §362(d)(1)); *Amoco Production Company v. Texas Electric Service Company,* 614 S.W.2d 194, 196 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ)("<u>Stipulations are favored by the courts and as a general rule, valid stipulations are binding on the parties. Stipulations comprising the record will be observed and the reviewing court is bound by the stipulation</u>.")(emphasis added); and *Shamrock Psychiatric Clinic, P.A. v. Teas Department of Health and Human Services,* 540 S.W.3d 553, 560 (Tex. 2018)("A trial court has a ministerial duty to enforce a valid Rule 11 agreement.").

16.     As a result of the foregoing, Movant would show that "cause" exists for relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) as to Movant, Debtor and the Susser Collateral to authorize Movant to immediately enforce its liens on the Susser Collateral, irrespective of Bankruptcy Rule 4001(a)(3), by, including, but not limited to, reposting the Susser Collateral for non-judicial foreclosure sales and sending all notices in connection therewith and conducting such sales, together with all relief, at law or in equity, to which Movant may be justly entitled.  As a result of Debtor's bad faith acts and the totality of the circumstances, Movant further requests that any Order lifting the automatic stay further provide that it is effective notwithstanding any dismissal or conversion of this bankruptcy case, any subsequent bankruptcy cases filed by Debtor or its affiliates, including PSWRE, or any other person, or any subsequent transfers of the Susser Collateral by Debtor.

17. Movant request that any order entered by the Court lifting the automatic stay waive application of the 14-day stay period provided in Federal Rule of Bankruptcy Procedure 4001(a)(3).

WHEREFORE, PREMISES CONSIDERED, Movant prays that the Court enter an order lifting the stay with respect to Debtor, Movant and the Susser Collateral allowing Movant to immediately enforce its liens thereon, irrespective of Bankruptcy Rule 4001(a)(3), and for such other and further relief, at law or in equity, to which Movant may be justly entitled.

Date: December 6, 2023

Respectfully submitted,

POPE, HARDWICKE, CHRISTIE, SCHELL,
  KELLY & TAPLETT, L.L.P.

By: ___/s/ Matthew T. Taplett_____
       Matthew T. Taplett
       State Bar No. 24028026

500 W. 7th Street, Suite 600
Fort Worth, Texas  76102
Telephone No. (817) 332-3245
Facsimile No.  (817) 877-4781
E-mail:  mtaplett@popehardwicke.com

ATTORNEYS FOR SUSSER BANK

## CERTIFICATE OF CONFERENCE

I hereby certify that I contacted the attorney for the Debtor to discuss this Motion. The Debtor is opposed to the relief requested in this Motion.

*/s/ Matthew T. Taplett*
Matthew T. Taplett

## CERTIFICATE OF SERVICE

This is to certify that on this 6th day of December 2023, a true and correct copy of this document was served via the ECF system or by U.S. first class mail, postage prepaid, on the following:

U.S. Trustee
1100 Commerce Street
Room 976
Dallas, TX 75202

Michael P. Cooley
Reed Smith LLP
2850 N. Harwood Street
Suite 1500
Dallas, TX 75201

PSW Urban Homes, LP
515 S. Flower Street, 18th Floor
Los Angeles, CA 90071

By: ___*/s/Matthew T. Taplett*
Matthew T. Taplett

P: Susser Bank/PSW Real Estate/Bankruptcy-PSW Urban Homes/Emergency Lift Stay Motion. docx.